UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ROY D. JONES,

              Plaintiff,

                                     File No. 2:08-CV-192

v.

                                     HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

              Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      On August 19, 2009, United States Magistrate Judge Timothy P. Greeley issued a

report and recommendation ("R&R") recommending that Defendants' motion for summary

judgment (Dkt. No. 41) be granted, that Plaintiff's motion to deny Defendants' motion for

summary judgment (Dkt. No. 49) be denied, and that Plaintiff's pro se civil rights complaint

be dismissed in its entirety.  The R&R was duly served on the parties.  Plaintiff filed

objections to the R&R on September 2, 2009.  (Dkt. No. 54.)

      This Court is required to make a *de novo* determination of those portions of the R&R

to which objection has been made, and may accept, reject, or modify any or all of the

Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b).

One of Plaintiff's objections to the R&R is based upon his contention that Defendant

Rauvala introduced false evidence at the misconduct hearing, which, according to Plaintiff,

is itself sufficient to show a violation of the Due Process Clause. In support of this assertion,

Plaintiff cites *Morrison v. LeFevre*, 592 F. Supp. 1052 (S.D.N.Y. 1984), where the court held

that "[h]owever minimal may be the process due to prisoners before segregation, that process

is insufficient when it has been contaminated by the introduction through state action of false

inculpatory evidence. The introduction of false evidence in itself violates the due process

clause." *Id.* at 1073.

The Second Circuit has clarified that *Morrison* does not support the conclusion that

due process includes the right to be free from unfounded charges. *Freeman v. Rideout*, 808

F.2d 949, 952 (2d Cir. 1986). The "broad dictum" from *Morrison* must be read in the factual

context of the *Morrison* case where there was no hearing, and where it was the mere filing

of the charge itself that caused the plaintiff to be segregated. *Id.; see also Banks v. Klapish*,

717 F. Supp. 520, 522 (W.D. Mich. 1989) ("a prison inmate is not denied due process by

being falsely accused of a violation of prison rules, so long as the inmate gets the opportunity

to rebut the charge at a hearing"). In the case before this Court, Plaintiff had a hearing and

an opportunity to challenge the allegedly false statements. Accordingly, contrary to

Plaintiff's assertions, the allegedly false statements themselves are not alone sufficient to

constitute a violation of procedural due process.

Plaintiff also objects to the finding in the R&R that he was able to present his version of the events. Plaintiff contends that he was not able to present his version of the events because he was not granted all of his requests for witnesses, documents, and other evidence.

Contrary to Plaintiff's assertions, due process does not entitle a prisoner to an unrestricted right to present all witnesses and documents he might consider relevant to his disciplinary proceeding. Prison officials are granted discretion "to keep the hearing within reasonable limits" and to maintain prison order and security. *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). There is no dispute that Plaintiff received notice of the misconduct, an opportunity to respond to the evidence against him, and a written report of the hearing officer's findings. Moreover, even if, as Plaintiff contends, the process Plaintiff received did not meet procedural due process requirements because the hearing officer negligently deprived him of witnesses and evidence necessary to his defense, Plaintiff cannot maintain a procedural due process claim because there is an adequate post-deprivation remedy. "Michigan law provides effective remedies for review of prisoners' misconduct convictions and vindication of their right to due process in the disciplinary proceedings." *Branham v. Spurgis*, 720 F. Supp. 605, 608 (W.D. Mich. 1989). The remedies provided under Michigan law "insure that procedural violations that may have occurred at the hearing . . . can be adequately reviewed and addressed under established constitutional guidelines." *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Accordingly, Plaintiff's assertion that he has a due process claim based upon his inability to present certain evidence at the misconduct hearing does not state a due process claim.

Plaintiff also objects to the R&R's determination that he did not allege facts establishing that Defendants Caruso, Edlund, McQuiggin, and Tibley were personally involved in the activity which forms the basis of his claim. Plaintiff contends that his documents show that Defendants McQuiggin and Tribley were personally involved in keeping Plaintiff in administrative segregation, and that Defendants Caruso, McQuiggin, and Tribley, once they were notified of the constitutional violations, had a duty to stop the violations.

The cases Plaintiff has cited do not support his assertion that supervisory liability can be based on a failure to respond to constitutional violations committed or allowed by subordinates. The R&R correctly cites and applies the pertinent case law regarding the liability of supervisory officials, and appropriately concludes that Defendants Caruso, Edlund, McQuiggin and Tribley are entitled to summary judgment for lack of personal involvement.

Having conducted the required review with respect to the remainder of Plaintiff's objections, the Court concludes that the issues raised have either been fully considered and properly addressed in the R&R or simply lack merit. Accordingly,

**IT IS HEREBY ORDERED** that the August 19, 2009, R&R (Dkt. No. 53) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to deny motion for summary

judgment (Dkt. No. 49) is **DENIED**.

**IT IS FURTHER ORDERED**  that **JUDGMENT** is entered in favor of Defendant

and Plaintiff's complaint is **DISMISSED** in its entirety.


Dated: <u>September 22, 2009</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE